## FRANCIS v. JENKINS.
### No. A-930.

District Court of Alaska.   Third Division.   Anchorage.
April 6, 1936.

Clyde R. Ellis and W. N. Cuddy, both of Anchorage, for plaintiff.

Arthur G. Thompson, of Anchorage, for defendant.

HELLENTHAL, District Judge.

This matter having come on for hearing at Anchorage, Alaska, on March 25, 1936, on an order to show cause why an order should not be issued restraining defendant from trespassing upon certain placer mining claims referred to in the plaintiff's complaint as the Wolverine, the Wolverine Pup and the Hungry Dog, situated in Ruby Gulch on Ruby Creek in the Yentna Mining District, Talkeetna Recording District, Territory of Alaska.

This matter came on for hearing on the complaint, answer and the affidavits of the parties.   This is an action to quiet title.   In the complaint, the plaintiff alleges that he is the owner, subject only to the paramount title of the United

States, entitled to possession of and is now in the actual possession of the claims mentioned.

In the answer the right and plaintiff's possession are denied and the defendant claims to be in possession of a certain mining claim called the Discovery, sometimes called the Number One on Ruby Creek, and the defendant alleges that said possession has been maintained for a long time back, that he and his predecessors in interest have built two dams upon said claim, in which the waters of Ruby Creek are impounded and by which they are diverted and used; that he has mined said claim. These allegations are supported by the affidavits of the defendant and his wife and also by the exhibits introduced, which were maps introduced at a former hearing between the parties; which maps and plats of both the plaintiff and defendant show the improvements mentioned in the answer and the affidavits.

The only facts tending to show possession of the plaintiff are the staking of the claims and the brushing out of the lines, and no actual possession, or any fact tending to show actual possession, has been shown by the plaintiff.

In Lindley on Mines, vol. 3, section 754, p. 1826, the author says: "In the federal courts if the defendant is in possession equity will not take cognizance of the action, for ejectment affords a plain, adequate and complete remedy of law." 14 R.C.L., section 150, p. 450: "Courts of chancery do not possess any direct jurisdiction over legal titles. Consequently they will not, as a general rule, restrain a mere trespass and, under the guise of so doing, try title to land, thus converting a bill in equity into an action of ejectment. They have always been extremely reluctant to deal with questions affecting the possession of real estate, and will not ordinarily interfere to change the possession from one to another or to transfer it to one whose rights have not been established at law. * * * the refusal to act being founded on the theory that it was rather a matter for a court of law than for a court of equity to determine and adjust disputed titles to real property, and that a party should not

be thus deprived of his right to a trial by jury in respect to these matters. This doctrine always has been and is to-day accorded much recognition, and, subject to some modification, it may be stated as a general rule that an injunction will not ordinarily be granted unless the complainant's title has been either admitted or established by a legal adjudication.'"

Another question arises, and that is whether or not the legal remedy is adequate. The complainant does not allege, nor is there any proof, that the defendant is insolvent, therefore it would seem that the legal remedy and action for damages would afford complete relief to the plaintiff should he ultimately establish his right and title to the ground covered by the claims set forth in the complaint.

The attorney for the defendant may prepare and present an order denying the injunction pending the final determination of this cause.